— **EXHIBIT 1** —

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between (i) Henry Schein, Inc. ("Defendant") and (ii) Lucisbel Cruz-Bermudez, Helmut Becker, and Randi Grifka ("Plaintiffs"), both individually and on behalf of the Class, in the litigation titled *Lucisbel Cruz-Bermudez and Helmut Becker v. Henry Schein, Inc.*, Case No. 2:24-cv-00387-BMC, in the United States District Court for the Eastern District of New York (the "Litigation"). Defendant and Plaintiffs are collectively referred to herein as the "Parties."

## I.    <u>BACKGROUND AND RECITALS</u>

1.    In September 2023, Defendant suffered a data breach impacting certain company systems (the "Data Breach" or "Data Incident"). The Data Breach was found to have compromised certain private and personally identifying information stored in Defendant's files, which contain names, addresses, phone numbers, email addresses, photographs, dates of birth, demographic information, background information, government-issued identification numbers, Social Security numbers, driver's license numbers, state identification numbers, passport numbers, financial information, bank account information, credit card numbers, loan information, medical history, medical treatment, insurance information, employment information, and/or IP addresses. The private and/or personally identifying information of approximately 166,432 people was accessed as a result of this Data Breach.

2.    Plaintiffs filed individual complaints as a result of the Data Breach, and on February 16, 2024 Plaintiffs filed their consolidated complaint in the Litigation, alleging claims for negligence, breach of implied contract, unjust enrichment, breach of fiduciary duty, violation of the New York Deceptive Trade Practices Act, and declaratory judgment. Plaintiffs sought relief on behalf of themselves and the Class including compensatory damages and injunctive relief.

3.    Prior to engaging in extensive motion practice or formal discovery, the Parties agreed to mediate to minimize the costs and time expended through litigation. Following extensive arm's-length negotiations culminating in two mediations with experienced data breach class action mediator Bruce Friedman of JAMS, the Parties negotiated the Settlement by which the Parties agree and hereby wish to resolve all matters pertaining to, arising from, or associated in any way with the Litigation, including all claims Plaintiffs and Class Members have, had, or may have against Defendant and related persons and entities related to the Data Incident, as set forth herein.

4.    The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties.

5.    Defendant denies all claims of fault, wrongdoing, liability, or damages that Plaintiffs, Class Members, or anyone else have asserted in this Litigation or may assert in the future and maintains that it has meritorious defenses to all such claims. Despite Defendant's position that it is not liable for, and has good defenses to the claims alleged in the Litigation, Defendant desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and

1

distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement or Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement or Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, concession of, or evidence of, any fault, wrongdoing, liability, or damages whatsoever, or any infirmity in the defenses that Defendant has asserted or may assert.

6.      Class Counsel have conducted a pre-suit investigation, reviewed informal discovery materials in preparation for and during the course of the mediation, and fully evaluated the risk of future litigation. Moreover, Class Counsel have fully evaluated the available facts, applicable law, and comparable settlements related to the Litigation and have concluded that the proposed Settlement according to the terms set forth below is fair, reasonable, adequate, and beneficial to and in the best interests of Plaintiffs and the Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in the Litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; and (4) the magnitude of the benefits derived from the proposed Settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever.

7.      Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests and the best interests of the Class.

In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and without any admission or concession of any fault, wrongdoing, liability, or damages or lack of merit in the defenses asserted by or available to Defendant and the other Released Parties,  IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, for themselves and all Class Members, on the one hand, and Defendant on the other hand, by and through their respective counsel, that the Parties now enter into this Settlement Agreement, that the Litigation be fully and finally settled and compromised, that the Litigation be dismissed with prejudice against Defendant, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Defendant's Counsel, Plaintiffs, Plaintiffs' Counsel, or the Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.  DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

8.      "**Approved Claims**" shall mean complete and timely Claim Forms submitted by Class Members that have been approved by the Settlement Administrator.

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

9. **"Claim Form"** shall mean the form that Class Members may submit to obtain compensation under this Settlement Agreement, which is attached as **Exhibit A.**

10. **"Claims Deadline"** shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date ninety (90) days after the Notice Deadline is entered. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice, on the Settlement Website and the Claim Form.

11. **"Class"** shall mean all individuals whose Personal Information was compromised in the Data Incident and who do not elect to be excluded from the Class by filing a timely Request for Exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the Notice. Excluded from the Class are: (1) the judge presiding over this Litigation, and members of his direct family; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parent companies have a controlling interest, and their current or former officers and directors; and (3) Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. For the avoidance of doubt, membership in the Class shall be determined without regard to whether an individual submits a Claim Form or is determined to hold an Approved Claim.

12. **"Class Counsel"** shall mean Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Raina Borrelli of Strauss Borrelli, PLLC.

13. **"Class List"** means a list of Class Members' full names and current or last known contact information (U.S. Mail address, email address, or both where available), which Defendant or Defendant's agent shall take reasonable steps to assemble and will provide to the Settlement Administrator within fourteen (14) days of the entry of the Preliminary Approval Order.

14. **"Class Member"** means an individual who falls within the definition of the Class.

15. **"Counsel"** or **"Parties' Counsel"** means both Class Counsel and Defendant's Counsel, collectively.

16. **"Court"** shall mean the Honorable Judge Brian M. Cogan of the United States District Court for the Eastern District of New York.

17. **"Defendant"** shall mean Henry Schein, Inc.

18. **"Defendant's Counsel"** shall mean Rahul Mukhi and Jonathan S. Kolodner, of Cleary Gottlieb Steen & Hamilton LLP.

19. **"Effective Date"** shall mean the date when the Settlement Agreement becomes Final, which is 35 days after the Court's grant of the Final Approval Order assuming no appeals have been filed, notwithstanding any appeals of the Fee Award and Expenses. If an appeal is filed, the Effective Date will become 35 days from when the appeal is denied and a final judgment is entered in the Litigation.

3

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

20.    **"Escrow Account"** shall mean the account to be established by the Settlement Administrator and designated for purposes of this Settlement, and into which the Settlement Fund will be paid pursuant to Paragraph 54 of the Settlement Agreement, and in which the Settlement Fund shall be held in escrow under the control of the Escrow Agent, acting as an agent for Plaintiffs and the Class, subject to the terms of this Settlement Agreement.

21.    **"Escrow Agent"** shall mean Western Alliance Bank, which has been selected by Class Counsel to be responsible for overseeing and safeguarding the Settlement Fund and for acting as an agent for the Class, in accordance with the terms of the Settlement Agreement.

22.    **"Escrow Agreement"** shall mean an agreement to be entered into between Class Counsel and the Escrow Agent in a form to be agreed to by Defendant's Counsel, governing the Escrow Agent's responsibilities and obligations with respect to the Escrow Account.

23.    **"Fee and Expense Application"** shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees and litigation expenses.

24.    **"Fee Award and Expenses"** means the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel.

25.    **"Final"** means the Final Approval Order has been entered on the docket, and: (1) the time to appeal from such order has expired and no appeal has been timely filed; (2) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (3) the Court following the resolution of the appeal enters a further order or orders approving the Settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s). For the avoidance of doubt, whether the Final Approval Order is Final shall be determined without regard to any appeals of the Fee Award and Expenses that may occur.

26.    **"Final Approval Hearing"** means the hearing before the Court where Plaintiffs will request a judgment to be entered by the Court approving the Settlement Agreement and approving the Fee Award and Expenses.

27.    **"Final Approval Order"** shall mean an order entered by the Court that:

i.    Certifies the Class pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only;

ii.    Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

iii.    Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

4

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

iv.  Approves the Releases provided in Section VIII and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

v.  Reserves jurisdiction over the Settlement and this Settlement Agreement; and

vi.  Finds that there is no just reason for delay of entry of the Final Approval Order with respect to the foregoing.

28.  "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Class Members about class action settlements and specifically about this Settlement that will be posted on the Settlement Website.

29.  "**Litigation**" shall mean the action captioned *Lucisbel Cruz-Bermudez and Helmut Becker v. Henry Schein, Inc.*, Case No. 2:24-cv-00387-BMC, in the United States District Court for the Eastern District of New York.

30.  "**Long Form Notice**" is the content of the notice substantially in the form of **Exhibit B** is the detailed, long form notice that will be posted on the Settlement Website that will include robust details about the Settlement.

31.  "**Notice**" means publication notice and the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Settlement Agreement and **Exhibits B and D** and is consistent with the requirements of due process.

32.  "**Notice Deadline**" means the last day by which Notice must be issued to the Class Members and by which the Long Form and Short Form Notices will be posted to the Settlement Website, and will occur thirty (30) days after the Court enters the Preliminary Approval Order.

33.  "**Notice and Administrative Expenses**" means all of the expenses reasonably incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Class, locating Class Members, processing claims, determining the eligibility of any person to be a Class Member, administering and resolving deficiencies in submitted claims, and calculating and distributing the Settlement Fund to Class Members. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Settlement Agreement. Notice and Administrative Expenses shall be paid through and using the Settlement Fund, and for the avoidance of doubt, shall not constitute an amount additional to the value of the Settlement Fund as defined herein.

34.  "**Objection Deadline**" means the date by which a written objection to this Settlement Agreement must be postmarked and/or filed with the Court and sent to the Settlement Administrator, which shall be designated as a date approximately sixty (60) days after Notice Deadline, or such other date as ordered by the Court.

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

35.     **"Opt-Out Deadline"** is the last day on which a Class Member may file a request to be excluded from the Class, which will be sixty (60) days after the Notice Deadline. Class Members' opt-out requests may also be referred to herein as a Request for Exclusion.

36.     **"Out-of-Pocket Losses"** means out-of-pocket costs or expenditures that a Class Member actually incurred as a direct result of the Data Incident and that are supported by reasonable documentation. "Out-of-Pocket Losses" include things such as unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

37.     **"Parties"** shall mean Plaintiffs and Defendant, collectively.

38.     **"Plaintiffs," "Class Representatives,"** or **"Class Plaintiffs"** shall mean the named class representatives Lucisbel Cruz-Bermudez, Helmut Becker, and Randi Grifka.

39.     **"Preliminary Approval Order"** shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Class for settlement purposes only, and directing notice of the Settlement to the Class in a form substantially similar as that attached as **Exhibit C**.

40.     **"Personal Information"** may include Plaintiffs' and Class Members' names, addresses, phone numbers, email addresses, photographs, dates of birth, demographic information, background information, government-issued identification numbers, Social Security numbers, driver's license numbers, state identification numbers, passport numbers, financial information, bank account information, credit card numbers, loan information, medical history, medical treatment, insurance information, employment information, and IP addresses.

41.     **"Released Claims"** shall have the meaning ascribed to it as set forth in Section VIII of this Settlement Agreement.

42.     **"Released Parties"** shall have the meaning ascribed to it as set forth in Section VIII of this Settlement Agreement.

43.     **"Releasors"** shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Class Members, and to each of their former, present, and future agents, insurers, attorneys, representatives, predecessors, successors, heirs, executors, administrators, and assigns, and any legal or natural persons who claim or may claim by, through, or on behalf of them.

44.     **"Remainder Funds"** means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund provided for in this agreement.  Often in class actions settlements, some number of Class Members submitting valid claims and who are then issued a settlement check fail to cash and/or deposit their Settlement Payments. The funds remaining in the Settlement Fund after Settlement Payments have been distributed and the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be sent to one

6

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

or more court-approved charitable organizations as a *cy pres* distribution. The Parties will jointly recommend the entity or entities to the Court that will be the recipient(s) of the *cy pres* distribution.

45.     "**Service Awards**" shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement. The Service Awards requested in this matter will be $5,000 to each of the Plaintiffs, subject to Court approval.

46.     "**Settlement**" means the resolution to the Litigation as set forth in this Settlement Agreement.

47.     "**Settlement Administrator**" means, subject to Court approval, Kroll Settlement Administration, an entity jointly selected by Class Counsel and Defendant and supervised by Class Counsel to administer and distribute the Settlement Fund from the Escrow Account according to the terms of this Settlement Agreement.

48.     "**Settlement Administrator Agreement**" shall mean an agreement to be entered into between Class Counsel and the Settlement Administrator in a form to be agreed to by Defendant's Counsel, governing the Settlement Administrator's responsibilities and obligations with respect to the Settlement Fund.

49.     "**Settlement Fund**" means the non-reversionary amount to be paid by, or on behalf of Defendant, in the amount of $2,900,000.00 for the benefit of the approximately 166,432 Class Members.  The Settlement Fund includes any interest accrued thereon after payment to the Settlement Administrator. This represents the full and complete limit and extent of Defendant's obligations with respect to the Settlement, but for any security enhancements Defendant has implemented or will implement as described below in Paragraph 68.

50.     "**Settlement Payment**" means the payment to be made via mailed check and/or electronic payment from the Settlement Fund to any Class Members who submit valid Claim Forms to the Settlement Administrator.

51.     "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of **Exhibits A-D** (or any forms of these notices that are approved by the Court), this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website will be publicly viewable and contain information about the Settlement, including but not limited to, copies of the Complaint filed in this matter, a copy of the Long Form Notice, Short Form Notice, the publication notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, the deadlines for filing a Claim, objection, Request for Exclusion, Fee and Expense Application, and the date of the Final Approval Hearing. The Settlement Website will remain active until 90 days after the Effective Date.

52.     "**Short Form Notice**" is the postcard notice attached as **Exhibit D** that will be mailed to Class Members on the Class List.

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

53. **"Taxes and Tax-Related Expenses"** means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, withholdings, interest, or penalties and interest thereon) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Defendant or Defendant's Counsel with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## III.  SETTLEMENT FUND

54. **Establishment of Settlement Fund**. Within forty-five (45) days after the entry of the Preliminary Approval Order, Defendant shall deposit or cause to be deposited the Notice and Administrative Expenses through the date of the Final Approval Order, as estimated by the Settlement Administrator, into the Escrow Account established and administered by the Settlement Administrator at the Escrow Agent and pursuant to the Settlement Administrator Agreement and the Escrow Agreement, to cover the Settlement Administrator's reasonable set-up costs, notice, and early administration costs. Defendant shall deposit or cause to be deposited the balance of the Settlement Fund (*i.e.* $2,900,000.00 less the Notice and Administrative Expenses) into the same Escrow Account established and administered by the Settlement Administrator at the Escrow Agent and pursuant to the Settlement Administrator Agreement and the Escrow Agreement, within ten (10) days of the Effective Date. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9, along with any other necessary forms, to Defendant within ten (10) days of the entry of the Preliminary Approval Order.

55. **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is non-reversionary and is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Settlement Agreement, upon request of any of the Parties.

56. **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance is returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraphs 79–81.

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

57.    **Use of the Settlement Fund**. As further described in this Settlement Agreement and in **Exhibit A**, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (1) Notice and Administrative Expenses; (2) Fee Award and Expenses, as approved and awarded by the Court; (3) documented Out-of-Pocket Losses; (4) Cash Fund Payments (as defined *infra*); (5) Service Awards; and (6) transfer of Remainder Funds to the extent any exist following the preceding administration of payments. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Settlement Agreement or approved by the Court. Responsibility for administering the Settlement Fund or effectuating payments described in this Paragraph shall rest solely with the Settlement Administrator in cooperation with the Escrow Agent, and in accordance with the Settlement Administrator Agreement and the Escrow Agreement. Neither Defendant, Defendant's Counsel, nor Defendant's agents shall have any responsibility whatsoever with respect to effectuating such payments.

58.    **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court.  Further,  the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty, and have no responsibility, with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Settlement Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Settlement Agreement.

## IV.    **SETTLEMENT BENEFITS AND ADMINISTRATION**

59.    The Settlement Administrator shall make the following compensation available to Class Members who submit valid and timely claim forms. Claims will be subject to review for completeness and plausibility by the Settlement Administrator, and Claimants will have the opportunity to seek review by the Parties' Counsel, if they dispute the Settlement Administrator's initial determination. Class Members may submit claims for one or more of the following:

i.    **Compensation for Out-of-Pocket Losses**: The Settlement Administrator, from the Settlement Fund, will provide compensation, up to a total of $4,000.00 per Class Member, upon submission of a claim and supporting documentation, for Out-of-Pocket Losses.

Class Members submitting claims for Out-of-Pocket Losses must submit documentation supporting their claims and demonstrating that such Out-of-Pocket Losses were incurred as a direct result of the Data Incident. This can include receipts or other documentation that document the costs incurred but does not include documentation that is "self-prepared" by the Class Member. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

    ii.    **Cash Fund Payment**: All Class Members are eligible to make a claim for a cash fund payment ("Cash Fund Payment"), regardless of whether they make a claim for Out-Of-Pocket Losses. The amount of the Cash Fund Payment is estimated to be $50 per claimant. This amount of the cash payment may increase or decrease based upon the number of claims approved. The *pro rata* Cash Fund Payments will evenly distribute the net amount of the $2,900,000.00 Settlement Fund, after payment of all Approved Claims for Out-of-Pocket Losses, Notice and Administrative Expenses, Taxes and Tax-Related Expenses, any award of attorneys' fees, litigation expenses, Service Awards, and any other amounts expressly authorized by this Settlement Agreement or approved by the Court, to each Class Member who submits an Approved Claim.

60.    **Settlement Administration Fees**: Notice and Administrative Expenses, including the cost of Notice, will be paid entirely from the Settlement Fund. Notice and Administrative Expenses shall be paid through the Settlement Fund and are limited to the Settlement Fund amount.

61.    **Order of Distribution**. The Settlement Administrator must use the funds available in the Settlement Fund (after payment of Notice and Administrative Expenses, Taxes and Tax-Related Expenses, and any award of attorneys' fees, litigation expenses, and Service Awards) to make payments for Approved Claims in this order: Out-of-Pocket Losses, followed by Cash Fund Payments. In the event that the aggregate value of the Approved Claims for Out-of-Pocket Losses exceeds the amount of the Settlement Fund after payment of Notice and Administrative Expenses, Taxes and Tax-Related Expenses, and any award of attorneys' fees, litigation expenses, and Service Awards, then the value of all Approved Claims for Out-of-Pocket Losses shall be reduced proportionally on a *pro rata* basis, until the aggregate value of the Approved Claims for Out-of-Pocket Losses is equal to the remaining value of the Settlement Fund. In no event shall the Settlement Fund be increased for any reason.

62.    Defendant will reasonably cooperate with administration of the Settlement and seeking approval by the Court thereof, including, but not limited to, by taking reasonable steps to assemble and provide the Class List.

63.    Defendant or its agent shall pay to the Settlement Administrator the Settlement Fund pursuant to Paragraph 54. Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Approved Claims for Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Litigation with prejudice.

64.    The Defendant's contribution to the Settlement Fund, as provided for in Paragraphs 49 and 54, represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed under this Settlement Agreement and shall be final. Defendant shall have no obligation to make further payments into the

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the contribution to the Settlement Fund provided for in Paragraphs 49 and 54. Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to the maintenance, investment, or distribution of the Settlement Fund, the determination, administration, or calculation of claims, the payment or withholding of Taxes and Tax-Related Expenses, the payment of the Fee Award and Expenses, the administration of the Settlement, or any losses incurred in connection with such matters. No person shall have any claim under any circumstances against Defendant or any other Released Parties based on any determinations, distributions, or rejections of claims in connection with the Settlement, the Settlement Agreement, or the Settlement Fund.

65. The Settlement Administrator will provide Notice in the manner required by the Preliminary Approval Order following issuance of such Preliminary Approval Order.

66. After the Court enters the Final Approval Order, the Settlement Administrator shall provide the requested relief to all Class Members with an Approved Claim, subject to the procedure set forth herein.

67. The Parties, Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to: (1) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (2) the management, investment or distribution of the Settlement Fund; (3) the formulation, design or terms of the disbursement of the Settlement Fund; (4) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (5) any losses suffered by or fluctuations in the value of the Settlement Fund; or (6) the payment or withholding of any Taxes and Tax-Related Expenses.

68. **Security Enhancements**: Following the Data Incident, Defendant implemented or continued the implementation of a number of security enhancements designed to avoid future cybersecurity incidents. Within thirty (30) days after the date of the Preliminary Approval Order, Defendant shall provide Class Counsel with a confidential declaration or affidavit attesting to such measures that have been and are expected to be implemented.

## V. CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

69. **Notice**. Within fourteen (14) days after the date of the Preliminary Approval Order, Defendant shall provide the Class List to the Settlement Administrator. Notice shall be disseminated via U.S. mail to all Class Members, via e-mail to Class Members whose personal e-mail addresses are known, and by publication via media outlets. Notice shall be completed within 30 days of the date of the Preliminary Approval Order (the "Notice Deadline"). The process to issue Notice as described in this Paragraph and the creation and maintenance of the Settlement Website shall constitute the "Notice Plan."

70. **Final Approval Hearing.** The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Class Member who does not file a timely and adequate objection in accordance with this Settlement Agreement waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

71. **Opt-Outs**. The Notice shall explain the procedure for Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement. The Notice must state that any Class Member who does not file a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

72. **Objections**. The Notice shall explain the procedure for Class Members to object to the Settlement or Fee and Expense Application by submitting written objections to the Court no later than the Objection Deadline. For an objection to be a valid objection under the Settlement, it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and must include: (1) the name of the proceeding; (2) the Class Member's full name, current mailing address, email address, and telephone number; (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (4) the identity of any attorneys representing the objector; (5) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (6) a statement identifying all class action settlements objected to by the Class Member in the previous five (5) years; and (7) the signature of the Class Member or the Class Member's attorney.

73. **Claim Validation, Cure, and Deficiency Process**. After the Settlement Administrator reviews all claims submitted under this Settlement, it will send a summary to the Parties' Counsel identifying the number of valid claims and invalid claims. For invalid claims, the Settlement Administrator will send Class Members submitting such claims a deficiency notice giving the Class Members twenty-one (21) days to cure any deficiencies. The cost of the deficiency process is included in the Notice and Administrative Expenses. After all claims have been fully processed, including reviewing all claims that have been cured through the deficiency process, the Settlement Administrator will send a list of all valid claims to the Parties' Counsel.

## VI. <u>PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION</u>

74. **Certification of the Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Class under Fed. R. Civ. P. 23, which is contingent upon both the Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date. For the avoidance of doubt, Defendant maintains that Plaintiffs would be unable to satisfy the requirements under Fed. R. Civ. P. 23 for certification and maintenance of a class in a litigated class action. For purposes of this Settlement only, the Parties also stipulate to the appointment of the Class Representatives as the class representatives of the Class in this Litigation and to the appointment of Class Counsel as the counsel to the Class in this Litigation pursuant to Fed. R. Civ. P. 23(g).

75. **Preliminary Approval**. Following execution of this Settlement Agreement, Class Counsel shall file a motion for a Preliminary Approval Order, in a form agreeable to the Parties.

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

76.     **Final Approval**. Class Counsel shall move the Court for a Final Approval Order of this Settlement; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline.

77.     **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Plan and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VII.    MODIFICATION AND TERMINATION

78.     **Modification**. The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Preliminary Approval Order the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Class Members under this Settlement Agreement.

79.     **Settlement Not Approved.** If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) any court alters or modifies the Final Approval Order in any material respect, the Parties shall have sixty (60) days from the date of such event to work together in good faith in considering, drafting, and submitting reasonable modifications to this Settlement Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Settlement Agreement on seven (7) days' written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Settlement Agreement while an appeal from an order granting approval of the Settlement is pending.

80.     **Termination**. Defendant may unilaterally terminate this Settlement Agreement on seven (7) days' written notice to Class Counsel if more than 4,993 Class Members submit valid Requests for Exclusion.

81.     **Effect of Termination**. In the event of a termination as provided in Paragraph 79 or 80, this Settlement Agreement and the Settlement shall be considered null and void except that the Parties must comply with the obligations in this Paragraph and Paragraphs 90-91, all of which shall survive termination. Except as provided in this Paragraph or Paragraphs 90-91, all of the Parties' obligations under the Settlement Agreement shall cease to be of any force and effect and

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into this Settlement Agreement. Further, in the event of such a termination, any certification of the Class for settlement purposes shall be void. In the event of such a termination, all of the Parties' respective pre-Settlement Agreement claims and defenses will be preserved, to the extent such claims and defenses would have been preserved in the absence of the Settlement and Settlement Agreement. In the event of the termination of the Settlement Agreement, within seven (7) days after the occurrence of such termination, the Settlement Administrator and Escrow Agent shall return to Defendant, in accordance with the terms of the Settlement Administrator Agreement and the Escrow Agreement, all monies held in the Escrow Account, including interest earned, but less any Notice and Administrative Expenses properly incurred prior to the date of the termination of the Settlement Agreement. Under those circumstances, Class Counsel shall undertake to return those amounts by taking all steps necessary to cause the Settlement Administrator and the Escrow Agent to make the foregoing repayments. Any return of monies to Defendant pursuant to the terms of this Settlement Agreement shall be made via wire transfer to Defendant, with wire instructions to be provided by Defendant.

## VIII.   **RELEASES**

82.    Upon Final Approval of this Settlement Agreement, the Releasors settle, release, acquit, and forever discharge Defendant and its past or present agents, subsidiaries, parents, divisions, and affiliates, and their respective past or present employees, officers, directors, shareholders, partners, members, managers, owners, heirs, executors, predecessors, successors, assigns, insurers (including excess insurers and reinsurers), vendors, attorneys, experts, advisors, consultants, contractors, auditors, accountants, administrators, fiduciaries, representatives, suppliers, sureties, trustees, and/or underwriters ("Released Parties") from any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions of value, obligations, agreements, judgments, suits, fees, attorneys' fees, debts, expenses, costs, sanctions, decrees, penalties, remedies, matters, controversies and issues of any kind or nature, whether known or unknown, whether accrued or unaccrued, that each Releasor now has, had previously, or may ever have, now or in the future, arising out of or in any way related to the Data Incident whether or not those claims, demands, rights, actions, or causes of action have been pleaded or otherwise asserted in the Litigation or in any federal, state, or foreign court, tribunal, forum, or proceeding, including any and all damages, losses, or consequences thereof, including but not limited to any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule or regulation ("Released Claims"). For the avoidance of doubt, Released Claims include unknown claims that could have been raised in the Litigation or in any other federal, state, or foreign court, tribunal, forum or proceeding, and that Plaintiffs, any Class Member, or any Releasor do not know or suspect to exist at the time of the Settlement Agreement, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Parties or the Released Claims or might affect his, her, or its decision to agree, request to be excluded, object, or not to object to the Settlement. It is a material element to Defendant and the other Released Parties' participation in this Settlement and Settlement Agreement that Defendant and the other Released Parties obtain the fullest possible release from liability as to any Releasor relating to the Released Claims, and it is the intention of the Parties that any liability of the Released Parties relating to the Released Claims be eliminated.

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

83.     Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

84.     **Release of Class Representatives and Plaintiffs' Counsel**. Upon the Effective Date, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Litigation, the Settlement Agreement, or the Settlement claims process (provided, however, that this Paragraph shall not apply to any claims relating to the enforcement of the terms of the Settlement or this Settlement Agreement).

85.     **Bar to Future Suits.** Upon entry of the Final Approval Order, the Releasors shall be permanently barred and enjoined from asserting, commencing, or prosecuting in any forum any Released Claims against the Released Parties in any proceeding, including based on any actions taken by any of the Released Parties that are authorized or required by this Settlement Agreement or by the Final Approval Order. Likewise, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Class Representatives and Class Counsel or based on any actions taken by Class Representatives and Class Counsel that are authorized or required by this Settlement Agreement or by the Final Approval Order. It is further agreed that the Settlement Agreement may be pleaded as a complete defense to any proceeding subject to this Paragraph.

86.     **Waiver of California Civil Code Section 1542 and Equivalents**.  The Parties hereby acknowledge that they may hereafter discover facts different from, or in addition to, those which they now claim or believe to be true with respect to the claims released herein, and agree that this Settlement Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts with respect to the claims released herein. In furtherance of the releases given above, the Parties hereby acknowledge that they are knowingly and voluntarily waiving, and that all Class Members shall be deemed to be waiving, and by operation of the Final Approval Order shall be deemed to have waived, their rights under Section 1542 of the California Civil Code to the full extent that they may lawfully waive all such rights and benefits pertaining to the subject matter hereof, that the consequences of such waiver have been explained to them by legal counsel, and the Parties acknowledge that they are familiar with the provisions of Section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR**

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

**HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Furthermore, Plaintiffs herein acknowledge that the effect and import of the provisions of Section 1542 of the California Civil Code have been explained to them by their own counsel. Plaintiffs further acknowledge and agree that this waiver of rights under Section 1542 of the California Civil Code has been separately bargained for and is an essential and material term of this Settlement Agreement and, without such waiver, this Settlement Agreement would not have been entered into. Further, the Parties hereby acknowledge that they are knowingly and voluntarily waiving, and that all Class Members shall be deemed to be waiving, and by operation of the Final Approval Order shall be deemed to have waived, their rights under the law of any state, the District of Columbia, or territory of the United States, federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, to the full extent that they may lawfully waive all such rights and benefits pertaining to the subject matter hereof, that the consequences of such waiver have been explained to them by legal counsel, and the Parties acknowledge that they are familiar with the provisions which are similar, comparable or equivalent to Section 1542 of the California Civil Code. Furthermore, Plaintiffs herein acknowledge that the effect and import of the provisions similar, comparable, or equivalent to Section 1542 of the California Civil Code have been explained to them by their own counsel. Plaintiffs further acknowledge and agree that this waiver of rights under the provisions similar, comparable, or equivalent to Section 1542 of the California Civil Code has been separately bargained for and is an essential and material term of this Settlement Agreement and, without such waiver, this Settlement Agreement would not have been entered into.

## IX.  ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

87.   **Attorneys' Fees and Expenses**. Within forty-five (45) after the Notice Deadline, Class Counsel will file, and Defendant will not oppose provided it is consistent with this Paragraph, a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed one third (1/3) of the Settlement Fund for fees, and for their reasonable litigation expenses. Before the disbursement or payment of the Fee Award and Expenses under this Settlement Agreement to the trust account of Milberg Coleman Bryson Phillips Grossman LLC ("Milberg"), Milberg shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Costs (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no earlier than the Effective Date, and no later than thirty (30) days after the Effective Date. If the Court does not grant a Final Approval Order, or if the Effective Date does not occur, or if the Settlement Agreement is terminated, then any award of attorneys' fees and expenses, including the Fee Award and Expenses, is no longer payable and to the extent already distributed to Class Counsel shall be returned by Class Counsel to the Settlement Fund and ultimately Defendant in accordance with Paragraph 81. If the amount of the Fee Award and Expenses is reduced or reversed on appeal, Class Counsel and all other Plaintiffs' counsel to whom Class Counsel has distributed payments shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) days after Class Counsels' receipt of notice of an order that reversed or reduces any award of attorneys' fees or expenses, which shall be distributed by the Settlement Administrator pursuant to the manner directed by the Court.

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

88.     **Service Awards**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application that will include a request for a Service Award for each of the Class Representatives not to exceed $5,000.00 in recognition for his or her contributions to this Litigation. Within three (3) days after filing the Fee and Expense Application, the Fee and Expense Application shall be posted on the Settlement Website. The Settlement Administrator shall make the Service Award payments to the Class Representatives from the Settlement Fund. Such Service Award payments shall be paid by the Settlement Administrator in the amount approved by the Court no later than thirty (30) days after the Effective Date.

89.     **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of Service Awards and/or attorneys' fees and litigation expenses in the amounts requested, the remaining provisions of this Settlement Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court concerning the amount of the Service Awards and/or attorneys' fees and litigation expenses shall constitute grounds for termination of this Settlement Agreement.

## X.     NO ADMISSION OF LIABILITY

90.     **No Admission of Liability**. The Parties understand and acknowledge that this Settlement and Settlement Agreement constitute a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Settlement or Settlement Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, wrongdoing, or damages of any kind whatsoever, or of any lack of meritorious defenses.

91.     **No Use of Agreement**. Neither the Settlement, Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of it: (1) is, or may be deemed to be, or may be used as, an admission of or evidence of the validity of any claim made by Plaintiffs or on behalf of the Class; or (2) is or may be deemed to be, or may be used as, an admission of or evidence of any fault or omission by Defendant in the Litigation or in any proceeding in any court, administrative agency, or other tribunal or forum.

## XI.     MISCELLANEOUS

92.     **Class Action Fairness Act.** Pursuant to the Class Action Fairness Act, no later than ten (10) days after the Settlement Agreement is filed with the Court, Defendant's counsel shall serve proper notice of the Settlement upon the United States Attorney General and each State Attorney General.

93.     **Publicity.** The Parties agree that they shall not publicize (via press release or otherwise) this Settlement, Settlement Agreement, Settlement Fund or Settlement Payment, the amount or sum of individual Class Representatives' or Class Members' shares or the events and negotiations surrounding this Settlement Agreement in any way except by joint pleadings or unopposed motions filed with the Court, in Defendant's securities filings or disclosures, as required by law, or as required by order of a court or governmental authority. Subject to prior

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

approval from Defendant, which shall not be unreasonably withheld, Class Counsel and Plaintiffs' Counsel may post information on their law firm websites about the Settlement that is consistent with the notice program and Settlement. If any Party believes a statement is made in violation of this provision, the Parties shall meet-and-confer informally in an effort to resolve the dispute. If the dispute cannot be resolved informally, it shall be submitted to the Court for resolution.

94. **Confidentiality of Discovery Material.** The Parties, Parties' Counsel, and any retained or consulting experts, agree that each of them remain subject to the Stipulated Protective Order entered in this Litigation (ECF No. 24), with respect to any discovery materially produced formally or informally thereunder.

95. **Plaintiffs Shall Not Seek Exclusion from Class.** Plaintiffs shall not request exclusion from the Class, shall not object to the Settlement, and shall not encourage or otherwise influence any Class Member to request exclusion from the Class or to object to the Settlement.

96. **Other Litigation.** Plaintiffs and Class Members shall not cooperate with, provide support or assistance to, or encourage any plaintiff in any other pending or future action against Defendant or any Released Parties related to any of the allegations or claims alleged, or that could have been alleged, in the Litigation, in any federal, state, or foreign court, tribunal, forum, or proceeding.

97. **No Collateral Attack.** This Settlement Agreement shall not be subject to collateral attack, including by any Class Member or any recipient of Notice of the Settlement after issuance of the Final Approval Order.

98. **Integration of Exhibits**. All exhibits to this Settlement Agreement are a material part of the Settlement and are incorporated and made a part of the Settlement Agreement. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Settlement Agreement and the terms of any exhibit attached hereto, the terms of this Settlement Agreement shall prevail.

99. **Entire Agreement**. This Settlement Agreement, including all exhibits hereto, shall constitute the entire agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications, and understandings among the Parties. This Settlement Agreement may not be changed, modified, or amended except in writing signed by all Parties or their successors-in-interest, subject to Court approval. A Party shall not be deemed to have waived any provision of the Settlement Agreement except by a writing signed by that Party or its successor-in-interest, and a waiver by a Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Settlement Agreement may be modified by subsequent written agreement of counsel for the Parties prior to dissemination of the Notice to the Class.

100. **No Other Representations or Warranties.** The Parties warrant that, in entering into this Settlement Agreement, they relied solely upon their own knowledge and investigation,

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

and not upon any promise, representation, warranty, or other statement by any other Party, not expressly contained in this Settlement Agreement or any of the incorporated documents.

101. **Resolution**. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them which have been asserted, could have been asserted, or could be asserted by Plaintiffs or Class Members with respect to the Data Breach and the Litigation. The Parties each agree that the Settlement and this Settlement Agreement were negotiated in good faith and at arm's length and reflect a Settlement that was reached voluntarily after consultation with legal counsel of their choice. The Parties agree not to assert in any forum that the Litigation was defended by Defendant in bad faith or without a reasonable basis. The Parties shall assert no claims of any violation of Fed. R. Civ. P. 11 relating to the prosecution, defense, or the Settlement of this Litigation. Moreover, none of the Parties shall seek any cost-shifting against another Party.

102. **No Prior Assignment.** Plaintiffs and Class Counsel represent and warrant that none of the Plaintiffs' claims or causes of action referred to in this Litigation or this Settlement Agreement has been assigned, encumbered, or in any manner transferred in whole or in part.

103. **Successors.** This Settlement and Settlement Agreement shall be binding upon, and inure to the benefit of, the Parties hereto and their successors, heirs, executors, and assigns.

104. **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Settlement Agreement shall refer to calendar days unless otherwise specified.

105. **Construction**. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that this Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed for or against any Party on those grounds.

106. **Headings**. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the Settlement Agreement.

107. **Singular and Plurals**. As used in this Settlement Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

108. **Cooperation of Parties**. The Parties to this Settlement Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Settlement Agreement.

109. **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Settlement Agreement, the Parties shall meet and confer with each other in good faith prior to seeking Court intervention.

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

110.     **Governing Law**. The Settlement Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard to the principles thereof regarding choice of law.

111.     **Counterparts**. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

112.     **Notices**. All notices to Class Counsel provided for herein shall be sent by overnight mail and email to:

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
*gklinger@milberg.com*

All notices to Defendant provided for herein shall be sent by overnight mail and email to:

Rahul Mukhi
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006-1470
*rmukhi@cgsh.com*

The notice recipients and addresses designated above may be changed by written notice to the other Party.

113.     **Authority**. Any person executing this Settlement Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Settlement Agreement to all of the terms and provisions of this Settlement Agreement.


By: _____          Date: 9/13/24 _____
Kelly Murphy
Henry Schein, Inc.

By: _____          Date:   9/13/24 _____
Rahul Mukhi
Cleary Gottlieb Steen & Hamilton LLP

*Counsel for Defendant*

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

By: _____     Date: _9/13/24_____
Lucisbel Cruz-Bermudez

By: _____     Date: _9/13/24_____
Helmut Becker

By: _____     Date: _9/13/24_____
Randi Grifka

By: _____     Date: _09 / 13 / 2024_____
Raina Borrelli
*Counsel for Plaintiffs and the Class*

By: _____     Date: _9/13/24_____
Gary M. Klinger
*Counsel for Plaintiffs and the Class*

Doc ID: 56bb3aeab0b427fd053f44e8e5e06d37075b6699

— **EXHIBIT  A** —

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
==<<Claims Deadline>>==

</td><td>

**FULL-LENGTH CLAIM FORM FOR HENRY SCHEIN, INC. DATA BREACH LITIGATION SETTLEMENT**

*Lucisbel Cruz-Bermudez and Helmut Becker v. Henry Schein, Inc.*
Case No.: 2:24-cv-00387-BMC
United States District Court for the Eastern District of New York

</td><td>

**HENRY-C**

</td></tr>
</table>

## USE THIS FORM <ins>ONLY IF YOU ARE CLASS MEMBER</ins>

## <ins>GENERAL INSTRUCTIONS</ins>

If you received Notice of this Settlement, the Settlement Administrator identified you as a Class Member whose Personal Information was compromised in the Data Breach. You were or will be notified by Henry Schein, Inc. regarding the Personal Information that may have been impacted as a result of this Data Breach. You may submit a claim for Settlement compensation, outlined below.

Please refer to the Long Form Notice posted on the Settlement Website ==www.xxxxxxxxxxxxxxxxxxx.com==, for more information on submitting a Claim Form and information on the aggregate cap on claims.

**To receive compensation for Out-of-Pocket Losses from this Settlement and/or to receive a _pro rata_ Cash Fund Payment, you must submit the Claim Form below electronically at ==www.xxxxxxxxxxxxxxxxxx.com by <<Claims Deadline>>==.**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

Settlement Administrator - XXXXXX
*c/o* Kroll Settlement Administration LLC
PO Box ==XXXX==
New York, NY 10150-==XXXX==

**<ins>You may submit a claim for the following benefits:</ins>**

1) **Compensation for Out-of-Pocket Losses**: All Class Members are eligible to recover compensation for up to $4,000 per person for Out-of-Pocket Losses incurred as a result of the Data Breach, including: unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Breach through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. Class Members submitting claims for Out-of-Pocket Losses must submit documentation supporting their claims by an attestation under penalty of perjury, which is part of this Claim Form.

AND

2) **Cash Fund Payment**: All Class Members may also make a claim for a _pro rata_ Cash Fund Payment from the Settlement Fund. The amount of the _pro rata_ Cash Fund Payment is estimated to be $50 per claimant. This amount of the Cash Fund Payment may increase or decrease based upon the number of claims approved. The _pro rata_ Cash Fund Payments will evenly distribute the net amount of the $2,900,000 Settlement Fund, after payment of all Approved Claims for Out-of-Pocket Losses, Notice and Administrative Expenses, Taxes and Tax-Related Expenses, any award of attorneys' fees, litigation expenses, Service Awards, and any other amounts expressly authorized by the Settlement Agreement or approved by the Court.

**Questions? Go to ==www.xxxxxxxxxxxxxxxxx.com==or call (XXX) XXX-XXXX.**

## I. PAYMENT SELECTION

If you would like to elect to receive your compensation as a Class Member through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____        _____

**First Name**                                                     **Last Name**

_____

**Address 1**

_____

**Address 2**

_____  ___ ___   ___ ___ ___ ___ ___

**City**                                                          **State**              **Zip Code**

**Email Address (optional):** _____@_____.com

**Telephone Number: (** ____ ____ ____ **)** ____ ____ ____ **-** ____ ____ ____ ____

## III.  PROOF OF DATA BREACH LITIGATION SETTLEMENT CLASS MEMBERSHIP

☐  Check this box to certify that you were notified by the Settlement Administrator that your Personal Information was compromised as a result of the Data Breach.

Enter the Class Member ID Number provided on your postcard Notice:

**Class Member ID : 0 0 0 0 0**  ____ ____ ____ ____ ____ ____ ____ ____

## IV. CASH FUND PAYMENT

By checking the below box, I request an estimated $50 *pro rata* Cash Fund Payment.

☐  Yes, I request a *pro rata* Cash Fund Payment estimated to be $50 and understand I may also submit a claim for Out-of-Pocket Losses below.

**Questions? Go to www.xxxxxxxxxxxxxxxxxxxxxxxxxx.com or call (XXX) XXX-XXXX.**

[AM_ACTIVE 406323883_4]

## V.  COMPENSATION FOR OUT-OF-POCKET LOSSES

All Class Members are also eligible to recover compensation for up to $4,000 per person for Out-of-Pocket Losses incurred as a result of the Data Breach, including:

(i) *Out-of-pocket costs or expenditures incurred* as a direct result of the Data Breach, including but not limited to unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Breach through the date of the claim submission; and

(ii) *Miscellaneous expenses such as fees for notary, fax, postage, copying, mileage, and long-distance telephone charges.*

To receive compensation for Out-of-Pocket Losses, such losses must not have been previously reimbursed or subject to reimbursement by insurance or a third party, and must be reasonably described and supported by an attestation under penalty of perjury. Class Members submitting claims for Out-of-Pocket Losses must also submit reasonable documentation supporting their claims.

This payment can be in addition to the Cash Fund Payment.

**You must have unreimbursed Out-of-Pocket Losses incurred as a result of the Data Breach and submit documentation to obtain this reimbursement.**

☐  I have attached documentation showing that the Out-of-Pocket Losses listed below were caused by the Data Breach.

"Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type<br>(Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation<br>(Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0<br>(mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___ ___/___ ___<br>(mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ ___<br>(mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ ___<br>(mm/dd/yy) | $_____._____ | |

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

**Questions? Go to** www.xxxxxxxxxxxxxxxxxxxxxxxxxxx.com **or call (XXX) XXX-XXXX.**

*73135*                    *CF*                    *Page 3 of 4*

XXXXX                              CF                              Page 3 of 4

## VI.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                              Date


_____
Print Name

### Reminder Checklist

If your address changes or you need to make a future correction/update to the address you provide on this Claim Form, please visit the Contact section of the Settlement Website at **www.xxxxxxxxxxxxxxxxxxx.com** and provide your updated address information. Make sure to include your Class Member ID and your phone number in case we need to contact you in order to complete your request.

For more information, please visit the Settlement Website at www.xxxxxxxxxxxxxxxxxxx.com, or call the Settlement Administrator at (XXX) XXX-XXXX.

PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT FOR ADDITIONAL INFORMATION.

**Questions? Go to** www.xxxxxxxxxxxxxxxxxxxxxxxxxxx.com **or call (XXX) XXX-XXXX.**

*00000*                    *CF*                    *Page 4 of 4*

[AM  ACTIVE 406323883  4]

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

XXXXX                                          CF

[AM  ACTIVE 406323883  4]

— **EXHIBIT B** —

# NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**If You Received This Notice, You Have Been Identified As Eligible For Compensation From A Class Action Settlement Related To A Data Breach Experienced by Henry Schein, Inc. (the "Defendant").**

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement. A Court authorized this Notice.*[1]

- A proposed $2,900,000 Settlement has been reached in a class action lawsuit titled *Lucisbel Cruz-Bermudez and Helmut Becker v. Henry Schein, Inc.,* Case No. 2:24-cv-00387-BMC (the "Litigation"), filed in the United States District Court for the Eastern District of New York.

- This Litigation alleges that in September 2023, Defendant suffered a data breach impacting certain company systems (the "Data Breach" or "Data Incident"). The Data Breach was found to have compromised certain private and personally identifying information stored in Defendant's files including names, addresses, phone numbers, email addresses, photographs, dates of birth, demographic information, background information, government-issued identification numbers, Social Security Numbers, driver's license numbers, state identification numbers, passport numbers, financial information, bank account information, credit card numbers, loan information, medical history, medical treatment, insurance information, employment information, and/or IP addresses ("Personal Information"). The private and/or personally identifying information of approximately 166,432 people was accessed as a result of this Data Breach. Defendant disagrees with Plaintiffs' claims and denies any wrongdoing.

- All Class Members can receive the following compensation from the Settlement:

    o **Compensation for Out-of-Pocket Losses**: All Class Members are eligible to recover compensation for up to $4,000 per person for Out-of-Pocket Losses incurred as a result of the Data Breach, including: unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Breach through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. Class Members submitting claims for Out-of-Pocket Losses must submit documentation supporting their claims, including by an attestation under penalty of perjury, which is part of the Claim Form.

    o **Cash Fund Payment**: All Class Members may also make a claim for a pro rata Cash Fund Payment from the Settlement Fund. The amount of the *pro rata* Cash Fund Payment is estimated to be $50 per claimant. This amount of the Cash Fund Payment may increase or decrease based upon the number of claims approved. The *pro rata* Cash Fund Payments will evenly distribute the net amount of the $2,900,000 Settlement Fund, after payment of all Approved Claims for Out-of-Pocket Losses, Notice and Administrative Expenses, Taxes and Tax-Related Expenses, any award of attorneys' fees, litigation expenses, Service Awards, and any other amounts expressly authorized by the Settlement Agreement or approved by the Court.

- Included in this Settlement as a Class Member are:

    o All individuals whose Personal Information was compromised in the Data Incident and who do not elect to be excluded from the Class by filing a timely Request for Exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the Notice.

    o Excluded from the Class are: (1) the judge presiding over this Litigation, and members of his direct family; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parent companies have a controlling interest, and their current or former officers and directors; and (3) Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

- Your legal rights are affected regardless of whether you do or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT |
| --- |

---

[1] All capitalized terms herein are intended to have the same meaning as those in the Settlement Agreement and Release.

| | |
|---|---|
| **Submit a Claim Form** | **You must submit a valid Claim Form to receive compensation from this Settlement.**<br><br>Claim Forms must be submitted online or mailed, postmarked no later than <<Claims Deadline>>. |
| **Do Nothing** | If you do nothing, you remain part of the Class and bound by the Settlement.<br><br>You give up your rights to sue and you will not get any cash compensation or reimbursement as a Class Member. |
| **Opt-Out** | **Get out of the Settlement. Get no money from Settlement. Keep your rights.**<br><br>This is the only option that allows you to keep your right to sue about the claims in this Litigation. You will not get any money from the Settlement.<br><br>Your Request for Exclusion must be postmarked no later than <<Opt-Out Deadline>>. |
| **File an Objection** | Stay in the Class but tell the Court why you think the Settlement should not be approved. Objections must be postmarked no later than <<Objection Deadline>>. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details.<br><br>The Final Approval Hearing is scheduled for <<Final Approval Hearing>>, at <<Time>> a.m. ET. |

## WHAT THIS NOTICE CONTAINS

**Basic Information**....................................................................................................................... **Page 4**

    1.    How do I know if I am affected by the Litigation and Settlement?

    2.    What is this case about?

    3.    Why is there a Settlement?

    4.    Why is this a class action?

    5.    How do I know if I am included in the Settlement?

**The Settlement Benefits**.......................................................................................................**Pages 5**

    6.    What does this Settlement provide?

    7.    How to submit a Claim Form.

    8.    What am I giving up as part of the Settlement?

    9.    Will the Class Representatives receive compensation?

**Opt-Out**.................................................................................................................................**Pages 6**

    10.    How do I exclude myself from the Settlement?

    11.    If I do not exclude myself, can I sue later?

    12.    What happens if I do nothing at all?

**The Lawyers Representing You** ............................................................................................. **Page 6**

    13.    Do I have a lawyer in the case?

    14.    How will the lawyers be paid?

**Objecting to the Settlement**................................................................................................. **Pages 6-7**

    15.    How do I tell the Court that I do not like the Settlement?

    16.    What is the difference between objecting and opting out (*i.e.* asking to be excluded)?

**The Final Approval Hearing**................................................................................................ **Pages 7-8**

    17.    When and where will the Court decide whether to approve the Settlement?

    18.    Do I have to come to the hearing?

    19.    May I speak at the hearing?

**Get More Information** ........................................................................................................... **Page 8**

    20.    How do I get more information about the Settlement?

    21.    How do I update my contact information?

## 1. How do I know if I am affected by the Litigation and Settlement?

You are a Class Member if you are an individual whose Personal Information was compromised in the Data Incident and do not elect to be excluded from the Class by filing a timely Request for Exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the Notice.

The Class specifically excludes: (1) the judge presiding over this Litigation, and members of his direct family; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parent companies have a controlling interest, and their current or former officers and directors; and (3) Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

This Notice explains the nature of the Litigation and claims being settled, your legal rights, and the benefits to the Class.

## 2. What is this case about?

This case is titled *Lucisbel Cruz-Bermudez and Helmut Becker v. Henry Schein, Inc.,* Case No. 2:24-cv-00387-BMS, filed in the United States District Court for the Eastern District of New York. The persons who sued are called the "Plaintiffs" and the company they sued, Henry Schein, Inc., is known as the "Defendant" in this case.

Plaintiffs filed a lawsuit against Defendant individually, and on behalf of anyone whose Personal Information was compromised as a result of the Data Breach.

This Litigation alleges that in September 2023, Defendant suffered a data breach impacting certain company systems (the "Data Breach"). The Data Breach was found to have compromised certain private and personally identifying information stored in Defendant's files including names, addresses, phone numbers, email addresses, photographs, dates of birth, demographic information, background information, government-issued identification numbers, Social Security Numbers, driver's license numbers, state identification numbers, passport numbers, financial information, bank account information, credit card numbers, loan information, medical history, medical treatment, insurance information, employment information, and/or IP addresses ("Personal Information"). The private and/or personally identifying information of approximately 166,432 people was accessed as a result of this Data Breach.

Defendant vigorously denies all claims asserted against it in the Litigation, and denies all allegations of wrongdoing and liability.

## 3. Why is there a Settlement?

By agreeing to settle, the Parties have agreed to resolve the Litigation and all claims arising out of or related to the allegations or subject matter of the Litigation for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing the Litigation. The Class Representatives, Defendant, and their respective attorneys believe the proposed Settlement is fair, reasonable, and adequate. The Class Representatives and Class Counsel further believe the Settlement is in the best interests for Class Members. The Court did not decide in favor of the Plaintiffs or Defendants. Full details about the proposed Settlement are found in the Settlement Agreement available at www.xxxxxxxxxxxxxx.com.

## 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of all people who have similar claims. All of these people together are the "class" or "class members."  Here, the Class Representatives are Luicsbel Cruz-Bermudez, Helmut Becker, and Randi Grifka.

## 5. How do I know if I am included in the Settlement?

You are included in the Class if you are an individual identified on the Class List whose Personal Information was compromised in the Data Breach and do not timely elect to be excluded from the Class. If you are not sure whether you are included as a Class Member, or have any other questions about the Settlement, visit www.xxxxxxxxxxxxxxx.com,

call toll-free (XXX) XXX-XXXX, or write to Settlement Administrator - XXXXX c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

**THE SETTLEMENT BENEFITS**

## 6. What does this Settlement provide?

The proposed Settlement will provide the following compensation to Class Members:

- **Compensation for Out-of-Pocket Losses:** All Class Members are eligible to recover compensation for up to $4,000 per person for Out-of-Pocket Losses incurred as a result of the Data Breach, including: unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Breach through the date of the claim submission; and miscellaneous expenses such as fees for notary, fax, postage, copying, mileage, and long-distance telephone charges.

  Claims will be subject to review for completeness and plausibility by the Settlement Administrator.

  To receive reimbursement from the Settlement Fund for any of the above-referenced documented Out-of-Pocket Losses, Class Members must submit a valid and timely Claim Form, including necessary supporting documentation, to the Settlement Administrator.

- **Cash Fund Payment:** All Class Members may also make a claim for a *pro rata* Cash Fund Payment from the Settlement Fund. The amount of the *pro rata* Cash Fund Payment is estimated to be $50 per claimant. This amount of the Cash Fund Payment may increase or decrease based upon the number of claims approved. The *pro rata* Cash Fund Payments will evenly distribute the net amount of the $2,900,000 Settlement Fund, after payment of all Approved Claims for Out-of-Pocket Losses, Notice and Administrative Expenses, Taxes and Tax-Related Expenses, any Fee Award and Expenses, Service Awards, and any other amounts expressly authorized by the Settlement Agreement or approved by the Court.

## 7. How to submit a Claim Form

All Claim Forms will be reviewed by the Settlement Administrator for completeness and plausibility. You must file a Claim Form to get Cash Fund Payment compensation or Out-of-Pocket Losses reimbursement from the Settlement Fund under the proposed Settlement. Claim Forms must be submitted online or mailed, postmarked no later than <<Claims Deadline>>. For more information, please visit www.xxxxxxxxxxxxxxxxxxxxx.com or you can call the Settlement Administrator at (XXX) XXX-XXXX for a Claim Form.

## 8. What am I giving up as part of the Settlement?

If you stay in the Class, you will be eligible to receive compensation, but you will not be able to sue Defendant, and its past or present agents, subsidiaries, parents, divisions, and affiliates, and their respective past or present employees, officers, directors, shareholders, partners, members, managers, owners, heirs, executors, predecessors, successors, assigns, insurers (including excess insurers and reinsurers), vendors, attorneys, experts, advisors, consultants, contractors, auditors, accountants, administrators, fiduciaries, representatives, suppliers, sureties, trustees, and/or underwriters (collectively "Released Parties") regarding the Released Claims.

The Settlement Agreement, which includes all provisions about Released Claims, releases, and Released Parties, is available at www.xxxxxxxxxxxxxxxxxxxxx.com.

The only way to keep the right to sue is to Opt-Out of the Class (*see* Question 10); otherwise you will be included in the Class, and, if the Settlement is approved, you give up the right to sue for the claims in this case.

## 9. Will the Class Representatives receive compensation?

Yes. If approved by the Court, the Class Representatives will each receive a Service Award of up to $5,000, to compensate them for their services and efforts in bringing the Litigation. The Court will make the final decision as to the amount, if any, to be paid to the Class Representatives.

## OPT-OUT

## 10. How do I exclude myself from the Settlement?

If you do not want to be included in the Settlement, you must "opt-out" by sending a timely written Request for Exclusion. Your Request for Exclusion must (a) state your full name and current address; (b) contain the your personal and original signature (or the original signature of a person authorized by law, such as a trustee, guardian, or person acting under a power of attorney to act on your behalf with respect to a claim or right such as those in the Litigation); (c) the name of the proceeding; and (d) state the words "Request for Exclusion" or otherwise express your intent to be excluded from the Class and from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

Your written Request for Exclusion must be postmarked no later than <<Opt-Out Deadline>> to:

Settlement Administrator - XXXXX

c/o Kroll Settlement Administration LLC

PO Box XXXX

New York, NY 10150-XXXX

If you exclude yourself, you will not be able to receive any Cash Fund Payment or Out-of-Pocket Losses reimbursement from the Settlement, and you cannot object to the Settlement at the Final Approval Hearing. You will not be legally bound by anything that happens in the Litigation, and you will keep your right to sue Defendant on your own for the claims that this Settlement resolves.

## 11. If I do not exclude myself, can I sue later?

No. If you do not exclude yourself ("opt-out") from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Parties for the claims this Settlement resolves.

## 12. What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money or reimbursement from the Settlement, you will not be able to start or proceed with a lawsuit or be part of any other lawsuit against the Released Parties  about the Released Claims in this case at any time.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes. The Court has appointed Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, and Raina Borrelli of Strauss Borrelli, PLLC (called "Class Counsel") to represent the interests of all Class Members in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel will apply to the Court for a Fee Award and Expenses not to exceed one-third (1/3) of the total Settlement Fund (or $966,666.67) for fees in prosecuting the Litigation plus reasonable litigation expenses. A copy of Class Counsel's Fee and Expense Application, which will include a request for Service Awards for Class Representatives, will

be posted on this Settlement Website, www.XXXXX.com, before the Final Approval Hearing. The Court will make the final decision as to the amounts to be paid to Class Counsel and may award less than the amount requested by Class Counsel.

**OBJECTING TO THE SETTLEMENT**

### 15. How do I tell the Court that I do not like the Settlement?

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you must file/mail an objection with the Court and to the Settlement Administrator by <<Objection Deadline>> (the "Objection Deadline") stating why you do not think the Settlement should be approved.

To be valid, each objection must include:

(i)      the name of the Litigation - *Lucisbel Cruz-Bermudez and Helmut Becker v. Henry Schein, Inc*;

(ii)      the Class Member's full name, current mailing address, email address, and telephone number;

(iii)      a statement of the specific grounds for the objection, as well as any documents supporting the objection;

(iv)      the identity of any attorneys representing the objector;

(v)      a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

(vi)      a statement identifying all class action settlements objected to by the Class Member in the previous five (5) years; and

(vii)      the signature of the Class Member or the Class Member's attorney.

Your objection must be filed with the Clerk of Court, mailed to the Settlement Administrator and include the case name and docket number, titled *Lucisbel Cruz-Bermudez and Helmut Becker v. Henry Schein, Inc.,* Case No. 2:24-cv-00387, by <<Objection Deadline>> at the following addresses:

| THE COURT | SETTLEMENT ADMINISTRATOR |
|---|---|
| <Court Address> | Settlement Administrator - XXXXX<br><br>c/o Kroll Settlement Administration LLC<br><br>PO Box XXXX<br><br>New York, NY 10150-XXXX |

If you do not submit your objection with all requirements, or if your objection is not postmarked by <<Objection Deadline>>, you will be considered to have waived all objections and will not be entitled to speak at the Final Approval Hearing.

### 16. What is the difference between objecting and opting out (*i.e.* asking to be excluded)?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Opting out (or excluding yourself) is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

**THE FINAL APPROVAL HEARING**

## 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing on <<Final Approval Hearing Date>>, <<Time>> a.m. ET in Courtroom ___, of the Honorable Judge Brian M. Cogan of the United States District Court for the Eastern District of New York <<Court Address>>. The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check the Settlement Website for updated information.

At the Final Approval Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Class Members, and if it should be finally approved. If there are valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the Fee and Expense Application from Class Counsel, which will include the request for Service Awards to the Class Representatives.

## 18. Do I have to come to the hearing?

No. You are not required to come to the Final Approval Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an objection, you do not have to come to the hearing to talk about it. If your objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but that is not necessary. However, you must follow the requirements for making objections that are summarized in Question 15.

## 19. May I speak at the hearing?

Yes. You can speak at the Final Approval Hearing, but you must ask the Court for permission. To request permission to speak, you must file an objection according to the requirements summarized in Question 15. You cannot speak at the hearing if you exclude yourself from the Settlement.

### GET MORE INFORMATION

## 20. How do I get more information about the Settlement?

This is only a summary of the proposed Settlement. The Settlement Agreement provides a full description of the Settlement. If you want additional information about this Litigation, including a copy of the Settlement Agreement, the Complaint, Long Form Notice, Short Form Notice,, Claim Form and more, please visit the Settlement Website or call (XXX) XXX-XXXX. You may also contact the Settlement Administrator at Settlement Administrator - XXXXX c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

## 21. How do I update my contact information?

To update your contact information call (XXX) XXX-XXXX or please visit the Settlement Website www.xxxxxxxxxxxxxxxx.com

### PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S COUNSEL.

— **EXHIBIT C** —

| | |
|---|---|
| LUCISBEL CRUZ-BERMUDEZ, and HELMUT BECKER, on behalf of themselves and all others similarly situated,<br><br>                          **Plaintiffs,**<br><br>v.<br><br>HENRY SCHEIN, INC.,<br><br>                          **Defendant.** | Case No. 24-cv-387 (BMC) |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Court has reviewed the Motion, Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement, the Joint Declaration of Plaintiffs' Counsel in Support of Plaintiffs Unopposed Motion for Preliminary Approval of Class Action Settlement, the Settlement Agreement and Release between Plaintiffs and Defendant Henry Schein, Inc., and the accompanying Exhibits A–D. After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion, issues this Preliminary Approval Order (the "Order") and preliminarily concludes that the proposed Settlement[1] is fair, reasonable, and adequate.

---

[1]     All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement and Release.

IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement, including the proposed Notice Plan and forms of Notice to the Class, the appointment of Plaintiffs Lucisbel Cruz-Bermudez, Helmut Becker, and Randi Grifka as the Class Representatives, the appointment of Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Raina Borrelli of Strauss Borrelli, PLLC as  counsel for Plaintiffs and the Class, the approval of Kroll Settlement Administration ("Kroll") as the Settlement Administrator, the various forms of relief to the Class provided under the terms of the Settlement, and the proposed method of distribution of Settlement compensation, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      The Court does hereby preliminarily and conditionally approve and certify under Federal Rule of Civil Procedure 23, for settlement purposes only, the following Class:

> **All individuals whose Personal Information was compromised in the Data Incident and who do not elect to be excluded from the Class by filing a timely Request for Exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the Notice.**

3.      Based on the information provided, for the purposes of settlement only: the Class is ascertainable; it consists of approximately 166,432 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information potentially implicated in the Data Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege that they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting

only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Litigation. Fed. R. Civ. P. 23(a)–(b).

4.     The Court appoints Plaintiffs Lucisbel Cruz-Bermudez, Helmut Becker, and Randi Grifka as the Class Representatives for purposes of this Settlement only.

5.     The Court appoints Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Raina Borrelli of Strauss Borrelli, PLLC as counsel for the Class for purposes of this Settlement only.

6.     The Court preliminarily and conditionally approves the Settlement Agreement.

7.     The Court appoints Kroll as the Settlement Administrator.

8.     A Final Approval Hearing shall be held before the Court on____[date]_____, 2024 at ___[time]_____, or by remote means, for the purpose of determining whether to enter a Final Approval Order that:

a)     Certifies the Class pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only;

b)     Finds that the Settlement Agreement (including the Notice Plan and claims process, both as planned and as administered) is fair, reasonable, and adequate, and was entered into in good faith and without collusion, and approves and directs consummation of the Settlement Agreement;

c)     Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in the Settlement Agreement;

d)     Approves the Releases provided in Section VIII of the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to

Released Parties;

e)      Reserves jurisdiction over the Settlement and the Settlement Agreement; and

f)      Finds that there is no just reason for delay of entry of the Final Approval Order with respect to the foregoing.

9.      During the Final Approval Hearing, the Court shall also consider related issues, such as:

g)      Whether the requested Service Awards of $5,000.00 per Class Representative, and Class Counsel's attorneys' fees, of up to 1/3 of the Settlement Fund plus reasonable out-of-pocket litigation expenses, as detailed in the Fee and Expense Application, should be approved by the Court;

h)      Other matters as the Court may deem appropriate.

10.      The Court approves, as to the form and content, the Notice (including the Short Form Notice and Long Form Notice) and the Claim Form (including the short Claim Form and full-length Claim Form), in the form presented in Exhibits A, B, and D to the Settlement Agreement. Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the Notice, including publication notice, and finds that such Notice Plan meets the requirements of Federal Rule Of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice. The Court thus orders that Notice be provided to the Class.

11.      The Court preliminarily approves the following Settlement timeline for the purposes of conducting the Notice Plan, Settlement administration, claims processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| From  Entry of Preliminary Approval Order | |
|---|---|
| Defendant provides Class List to the Settlement Administrator | +14 days after Preliminary Approval Order |
| Long Form and Short Form (i.e. postcard) Notices disseminated via U.S. mail and email, by publication notice, and by posting on the Settlement Website | Upon Notice Deadline |
| Notice Deadline to Class | +30 days after Preliminary Approval Order |
| Class Counsel's Fee and Expense Application, including request for Service Awards | -14 days before the Opt-Out and Objection Deadlines |
| Objection Deadline | +60 days after Notice Deadline |
| Opt-Out Deadline (Request for Exclusion Deadline) | +60 days after Notice Deadline |
| Claims Deadline | +90 days after Notice Deadline |
| | |
| **Final Approval Hearing** | , 2024 |
| Motion for Final Approval Order | -14 days from the Final Approval Hearing |
| | |
| **From Granting of Final Approval Order** | |
| Effective Date | +35 days, assuming no appeal has been taken. See definitions of Final and Effective Date in the Settlement Agreement. |
| Payment of  Class Counsel's Fee Award and and Expenses, and Service Awards | +30 days after Effective Date |

12.      In order to be a timely claim under the Settlement, a Claim Form must be either postmarked (if mailed) or submitted (if filed electronically) to the Settlement Administrator no later than 90 days after the Notice Deadline. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Short Form (i.e. postcard) Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

13.      Additionally, all requests to Opt-Out of the proposed Settlement must be submitted to the Settlement Administrator, postmarked no later than 60 days after the Notice Deadline. Any

Request for Exclusion from the Settlement should, to the extent possible, contain the phrase "Request for Exclusion" or otherwise expressing that the individual does not intend to participate in the Settlement or be bound by the Settlement Agreement. Requests for Exclusion shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Kroll, or Class Counsel. Class Members who seek to exclude themselves shall receive no benefit or compensation under the Settlement Agreement.

14.     Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an objection to be valid, it must be postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and include each and all of the following: (1) the name of the proceeding; (2) the Class Member's full name, current mailing address, email address, and telephone number; (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (4) the identity of any attorneys representing the objector; (5) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (6) a statement identifying all class action settlements objected to by the Class Member in the previous five (5) years; and (7) the signature of the Class Member or the Class Member's attorney. Any objection failing to include these requirements will be deemed to be invalid. Furthermore, any Class Member objecting to the Settlement agrees to submit to any discovery related to the objection.

15.     All Class Members shall be bound by all determinations and judgments in this Litigation concerning the Settlement, including, but not limited to, the releases, including as to the Released Claims, provided for in the Settlement Agreement, whether favorable or unfavorable; this does not include individuals who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from

the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval Order in this Litigation.

16.     Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Henry Schein, Inc. or the other Released Parties.

17.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement, the Settlement, and this Order except for this Paragraph shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this Litigation will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Henry Schein, Inc., or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

18.     The Court reserves the right to adjourn the date of the Final Approval Hearing

without further notice to the potential Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties, without further notice to the Class.

IT IS SO ORDERED.

— **EXHIBIT  D** —

Settlement Administrator - XXXXXX
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

## NOTICE OF CLASS ACTION SETTLEMENT

If you received this Notice, you have been identified as someone eligible for Settlement compensation under a class action Settlement regarding a Data Breach.

**www.xxxxxxxxxxxxxxxxx.com**

<<Refnum Barcode>>

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark or cover**

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>
<<Country>>

**What is this Litigation about?**
The Litigation is *Lucisbel Cruz-Bermudez and Helmut Becker v. Henry Schein, Inc.,* Case No. 2:24-cv-00387-BCM, where Defendant in September 2023 suffered a data breach impacting certain company systems (the "Data Breach"). You are a Class Member if you are an individual whose Personal Information was compromised in the Data Breach.

**What is the Settlement compensation and terms?** Class Members who file an Approved Claim will receive a Cash Fund Payment (estimated to be $50) and may receive reimbursement for Out-of-Pocket Losses of up to $4,000 from the Settlement Fund of $2,900,000.00.

**What are your rights and options?**
**Submit a Claim Form.** To qualify for Settlement compensation, you must timely mail a short Claim Form that is attached to this Notice (for a Cash Fund Payment), or full-length Claim Form (for a Cash Fund Payment and Out-of-Pocket Losses), or timely complete and submit a Claim Form online at **www.xxxxxxxxxxxxxxx.com.** Your Claim Form must be postmarked or submitted online no later than the Claims Deadline of <<Claims Deadline>>.

**Opt-Out.** You may exclude yourself from the Class and Settlement and retain your ability to sue Defendant on your own by mailing to the Settlement Administrator a request to opt-out of the Settlement. The request must be postmarked no later than <<Opt-Out Deadline>>. If you do not exclude yourself, you will be part of the Class and bound by the Settlement and give up your right to sue regarding the Released Claims.

**Object.** If you do not exclude yourself from the Class, you have the right to object to the Settlement. Written objections must be signed and submitted by mail to the Settlement Administrator, postmarked no later than <<Objection Deadline >>. You may also appear at the Final Approval Hearing. Further instructions about opting out and objecting can be found on the Long Form Notice and in the Settlement Agreement located on the Settlement Website **www.xxxxxxxxxxxxxxx.com**.

**Do Nothing.** If you do nothing, you will not receive a Cash Fund Payment or Out-of-Pocket Losses reimbursement from the Settlement, but you will be a member of the Class bound by the Settlement and will lose the right to sue regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a Final Approval Hearing at <<time>> on <<Date>>, to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the attorneys for the Class Representatives and the proposed Class?** The Court appointed Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, and Raina Borrelli of Strauss Borrelli, PLLC to represent the Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Do I have any obligation to pay attorneys' fees or expenses?**
No. The attorneys' fees and litigation expenses ("Fee Award and Expenses") will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The requested Fee and Expense Award will be in an amount of $966,666.67 plus reasonable expenses incurred. The Fee and Expense Application by Class Counsel will be posted on the Settlement Website after it is filed with the Court.

**What is the amount of the Class Representatives' Service Awards?** The Plaintiffs, or "Class Representatives" (Lucisbel Cruz-Bermudez, Helmut Becker, and Randi Grifka) will seek Service Awards of up to $5,000 each for their time, effort and service to the Class in this matter.

**Where may I locate a copy of the Settlement Agreement, learn more about the case, update my contact information or learn more about submitting a claim, objecting, or opting out?**
**www.xxxxxxxxxxxxxxxxxx.com**

**This Notice is a summary of the proposed Settlement.**

_____

_____

_____

**Postage
Required**

Settlement Administrator - XXXXXX
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

<<Barcode>>

Class Member ID: <<Refnum>>



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

### **SHORT CLAIM FORM**

**Claims must be postmarked (if mailed) or submitted (if filed electronically) no later than the Claims Deadline of <<Claims Deadline>>.**

**Although submission of this short Claim Form suffices to request a *pro rata* Cash Fund Payment, you MUST submit a full-length Claim Form by mail or online to make a claim for Out-of-Pocket Losses no later than <<Claims Deadline>>.**

*If different than the preprinted data on the left, please print your correct information:*

<<firstname>> <<lastname>>
<<company>>
<<address1>> <<address2>>
<<City>>, <<State>> <<Zip>>
<<Country>>

| First Name | MI | Last Name | |
|---|---|---|---|
| Address | | | |
| City | | State | ZipCode |

1. **Cash Fund Payment:** Yes, I request a *pro rata* Cash Fund Payment estimated to be $50 (circle one)    **Yes**        **No**

Circle 'yes' above if you choose an estimated $50 *pro rata* Cash Fund Payment. If you select this benefit, you may also claim

reimbursement for Out-of-Pocket Losses. In order to file claims for Out-of-Pocket Losses, please visit

<www.xxxxxxxxxxxxxx.com>, or scan the QR code above, or mail a completed full-length Claim Form to the Settlement Administrator by the Claims Deadline.

**By signing my name below, I swear and affirm under the laws of my state that the information I have supplied in this short Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.**

Signature: _____ Dated: \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_ / \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_

From:

To:

Subject: Notice of Class Action Settlement

_____

Class Member ID: <<RefNum>>

**IF YOU RECEIVED THIS NOTICE, YOU HAVE BEEN IDENTIFIED AS SOMEONE ELIGIBLE FOR SETTLEMENT COMPENSATION UNDER A CLASS ACTION SETTLEMENT REGARDING A DATA BREACH**

**What Is This Litigation About?** The Litigation is *Lucisbel Cruz-Bermudez and Helmut Becker v. Henry Schein, Inc.,* Case No. 2:24-cv-00387-BCM, where Defendant in September 2023 suffered a data breach impacting certain company systems (the "Data Breach"). You are a Class Member if you are an individual whose Personal Information was compromised in the Data Breach.

**What Is The Settlement Compensation And Terms?** Class Members who file an Approved Claim will receive a Cash Fund Payment (estimated to be $50) and may receive reimbursement for Out-of-Pocket Losses of up to $4,000 from the Settlement Fund of $2,900,000.

**What Are Your Rights And Options?**

**Submit a Claim Form.** To qualify for Settlement compensation, you must timely mail a short Claim Form that is attached to this Notice (for a Cash Fund Payment), or full-length Claim Form (for a Cash Fund Payment and Out-of-Pocket Losses), or timely complete and submit a Claim Form online at www.xxxxxxxxxxxxxxxx.com. Your Claim Form must be postmarked or submitted online no later than the Claims Deadline of <<Claims Deadline>>.

**Opt-Out.** You may exclude yourself from the Class and Settlement and retain your ability to sue Defendant on your own by mailing to the Settlement Administrator a request to opt-out of the Settlement. The request must be postmarked no later than << Opt-Out Deadline>>. If you do not exclude yourself, you will be part of the Class and bound by the Settlement and give up your right to sue regarding the Released Claims.

**Object.** If you do not exclude yourself from the Class, you have the right to object to the Settlement. Written objections must be signed and submitted by mail to the Settlement Administrator, postmarked no later than <<Objection Deadline>>. You may also appear at the Final Approval Hearing. Further instructions about opting out and objecting can be found on the Long Form Notice and in the Settlement Agreement located on the Settlement Website www.xxxxxxxxxxxxxxxx.com.

**Do Nothing.** If you do nothing, you will not receive a Cash Fund Payment or Out-of-Pocket Losses reimbursement from the Settlement, but you will be a member of the Class bound by the Settlement and will lose the right to sue regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a Final Approval Hearing at <<time>> on <<Date>>, to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who Are The Attorneys For The Class Representatives And The Proposed Class?** The Court appointed Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, and Raina Borrelli of Strauss Borrelli, PLLC to represent the Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Do I Have Any Obligation To Pay Attorneys' Fees Or Expenses?** No. The attorneys' fees and litigation expenses ("Fee Award and Expenses") will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The requested Fee and Expense Award will be in an amount of $966,666.67 plus reasonable expenses incurred. The Fee and Expense Application by Class Counsel will be posted on the Settlement Website after it is filed with the Court.

**What Is The Amount Of The Class Representatives' Service Awards?** The Plaintiffs, or "Class Representatives" will seek Service Awards of up to $5,000 each for their time, effort and service to the Class in this matter.

**Where May I Locate A Copy Of The Settlement Agreement, Learn More About The Case, Update My Contact Information Or Learn More About Submitting A Claim, Objecting, Or Opting Out?**
www.xxxxxxxxxxxxxxxxxxx.com

**This Notice is a summary of the proposed Settlement.**