```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   LUCISBEL CRUZ-BERMUDEZ and                               :
   HELMUT BECKER, on behalf of themselves                   :   ORDER
   and all others similarly situated,                       :
                                                            :   24-cv-387 (BMC)
                                                            :
                        Plaintiffs,                         :
                                                            :
              -against-                                     :
                                                            :
   HENRY SCHEIN, INC.,                                      :
                                                            :
                        Defendant.                          :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Court has reviewed the Motion, Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement, the Joint Declaration of Plaintiffs' Counsel in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, the Settlement Agreement and Release between Plaintiffs and Defendant Henry Schein, Inc., and the accompanying Exhibits A–D. After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion, issues this Preliminary Approval Order (the "Order"), and preliminarily concludes that the proposed Settlement[1] is fair, reasonable, and adequate.

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement and Release.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement, including the proposed Notice Plan and forms of Notice to the Class, the appointment of Plaintiffs Lucisbel Cruz-Bermudez, Helmut Becker, and Randi Grifka as the Class Representatives, the appointment of Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Raina Borrelli of Strauss Borrelli, PLLC as counsel for Plaintiffs and the Class, the approval of Kroll Settlement Administration ("Kroll") as the Settlement Administrator, the various forms of relief to the Class provided under the terms of the Settlement, and the proposed method of distribution of Settlement compensation, are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify under Federal Rule of Civil Procedure 23, for settlement purposes only, the following Class:

> **All individuals whose Personal Information was compromised in the Data Incident and who do not elect to be excluded from the Class by filing a timely Request for Exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the Notice.**

3. Based on the information provided, for the purposes of settlement only: the Class is ascertainable; it consists of approximately 166,432 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information potentially implicated in the Data Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege that they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting

only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Litigation. Fed. R. Civ. P. 23(a)-(b).

4. The Court appoints Plaintiffs Lucisbel Cruz-Bermudez, Helmut Becker, and Randi Grifka as the Class Representatives for purposes of this Settlement only.

5. The Court appoints Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Raina Borrelli of Strauss Borrelli, PLLC as counsel for the Class for purposes of this Settlement only.

6. The Court preliminarily and conditionally approves the Settlement Agreement.

7. The Court appoints Kroll as the Settlement Administrator.

8. A Final Approval Hearing shall be held virtually before the Court on February 14, 2025, for the purpose of determining whether to enter a Final Approval Order that:

a) Certifies the Class pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only;

b) Finds that the Settlement Agreement (including the Notice Plan and claims process, both as planned and as administered) is fair, reasonable, and adequate, and was entered into in good faith and without collusion, and approves and directs consummation of the Settlement Agreement;

c) Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in the Settlement Agreement;

d) Approves the Releases provided in Section VIII of the Settlement Agreement and orders that, as of the Effective Date, the Released Claims will be released as to

    Released Parties;

 e) Reserves jurisdiction over the Settlement and the Settlement Agreement; and

 f) Finds that there is no just reason for delay of entry of the Final Approval Order with respect to the foregoing.

9. During the Final Approval Hearing, the Court shall also consider related issues, such as:

 g) Whether the requested Service Awards of $5,000.00 per Class Representative, and Class Counsel's attorneys' fees, of up to 1/3 of the Settlement Fund plus reasonable out-of-pocket litigation expenses, as detailed in the Fee and Expense Application, should be approved by the Court;

 h) Other matters as the Court may deem appropriate.

10. The Court approves, as to the form and content, the Notice (including the Short Form Notice and Long Form Notice) and the Claim Form (including the short Claim Form and full-length Claim Form), in the form presented in Exhibits A, B, and D to the Settlement Agreement.  Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the Notice, including publication notice, and finds that such Notice Plan meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.  The Court thus orders that Notice be provided to the Class.

11. The Court preliminarily approves the following Settlement timeline for the purposes of conducting the Notice Plan, Settlement administration, claims processing, and other execution of the proposed Settlement:

4

## SETTLEMENT TIMELINE

| From Entry of Preliminary Approval Order | |
|---|---|
| Defendant provides Class List to the Settlement Administrator | +14 days after Preliminary Approval Order |
| Long Form and Short Form (i.e. postcard) Notices disseminated via U.S. mail and email, by publication notice, and by posting on the Settlement Website | Upon Notice Deadline |
| Notice Deadline to Class | +30 days after Preliminary Approval Order |
| Class Counsel's Fee and Expense Application, including request for Service Awards | -14 days before the Opt-Out and Objection Deadlines |
| Objection Deadline | +60 days after Notice Deadline |
| Opt-Out Deadline (Request for Exclusion Deadline) | +60 days after Notice Deadline |
| Claims Deadline | +90 days after Notice Deadline |
| | |
| **Final Approval Hearing** | February 14, 2025 |
| Motion for Final Approval Order | -14 days from the Final Approval Hearing |
| | |
| **From Granting of Final Approval Order** | |
| Effective Date | +35 days, assuming no appeal has been taken. See definitions of Final and Effective Date in the Settlement Agreement. |
| Payment of Class Counsel's Fee Award and and Expenses, and Service Awards | +30 days after Effective Date |

12. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked (if mailed) or submitted (if filed electronically) to the Settlement Administrator no later than 90 days after the Notice Deadline. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Short Form (i.e. postcard) Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

13. Additionally, all requests to Opt-Out of the proposed Settlement must be submitted to the Settlement Administrator, postmarked no later than 60 days after the Notice Deadline. Any Request for Exclusion from the Settlement should, to the extent possible, contain the phrase

"Request for Exclusion" or otherwise expressing that the individual does not intend to participate in the Settlement or be bound by the Settlement Agreement. Requests for Exclusion shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Kroll, or Class Counsel. Class Members who seek to exclude themselves shall receive no benefit or compensation under the Settlement Agreement.

14. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an objection to be valid, it must be postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and include each and all of the following: (1) the name of the proceeding; (2) the Class Member's full name, current mailing address, email address, and telephone number; (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (4) the identity of any attorneys representing the objector; (5) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (6) a statement identifying all class action settlements objected to by the Class Member in the previous five (5) years; and (7) the signature of the Class Member or the Class Member's attorney. Any objection failing to include these requirements will be deemed to be invalid. Furthermore, any Class Member objecting to the Settlement agrees to submit to any discovery related to the objection.

15. All Class Members shall be bound by all determinations and judgments in this Litigation concerning the Settlement, including, but not limited to, the releases, including as to the Released Claims, provided for in the Settlement Agreement, whether favorable or unfavorable; this does not include individuals who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from

the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval Order in this Litigation.

16. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Henry Schein, Inc., or the other Released Parties.

17. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement, the Settlement, and this Order except for this Paragraph shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this Litigation will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Henry Schein, Inc., or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

18. The Court reserves the right to adjourn the date of the Final Approval Hearing

without further notice to the potential Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties, without further notice to the Class.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       September 16, 2024