# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCISBEL CRUZ-BERMUDEZ, and HELMUT BECKER, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>HENRY SCHEIN, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 2:24-cv-00387-BMC<br><br>Judge Brian M. Cogan |

## [PROPOSED] FINAL APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion for Final Approval seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards to Class Representatives ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Approval Hearing,[1] the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on September 16, 2024, the Court entered an Order ("Preliminary Approval Order") (Dkt. 30) which, among other things, (a) conditionally certified the Class for settlement purposes only, including by defining the Class, (b) appointed the Class Representatives and

---

[1] All capitalized terms used herein and not otherwise defined in this order (the "Final Approval Order" or "Order") shall have the same meanings as set forth in the Settlement Agreement and Release.

appointed Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Class; (d) set deadlines for claims, opt-outs, and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing;

**WHEREAS**, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Class was directly notified of the terms of the proposed Settlement Agreement, of the right of Class Members to opt out, and the right of Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS**, on February 14, 2025, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the Released Claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing the Litigation with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to Notice was filed with the Court. Therefore, the Court is satisfied that Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and litigation expenses to Class Counsel, and the payment of Service Awards to the Class Representatives;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether

the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees, litigation expenses, and Service Awards to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Class.

2. The Settlement involves allegations in Plaintiffs' First Amended Class Action Complaint (the "Complaint") (Dkt. 10) against Defendant for alleged failure to implement or maintain adequate data security measures and safeguards to protect private information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Class Members.

3. Defendant denies the allegations in Plaintiffs' Complaint. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Order and Judgment only, the Court hereby finally certifies the following Class:

> **All individuals whose Personal Information was compromised in the Data Incident and who do not elect to be excluded from the Class by filing a timely Request for Exclusion in accordance with the requirements set forth in the Preliminary Approval Order and the Notice.**

5.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Class and is therefore approved and final judgment is entered with regard to this Litigation (the "Judgment"). The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement reflected in the Settlement Agreement.

6.      The Settlement Agreement provides, in part, and subject to a more detailed description of the Settlement terms in the Settlement Agreement (which shall control in the case of any discrepancy), for:

    a.    Claims Administration as outlined in the Settlement Agreement whereby Class Members can and have submitted claims that will be or have been evaluated by the Settlement Administrator;

    b.    Payment of all Notice and Administrative Expenses from the Settlement Fund, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks; and

      c.      Payment, subject to the approval and award of the Court, of the reasonable attorneys' fees, and litigation expenses of Class Counsel and Service Awards to the Class Representatives from the Settlement Fund.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Class is in connection with the Settlement Agreement rather than ongoing litigation, the Court need not address any issues of manageability that may be presented by certification of the Class proposed in the Settlement Agreement.

      7.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Class Members under the Settlement, the Final Approval Hearing, Plaintiffs' application for attorneys' fees and litigation expenses, and the Service Awards payment to the Class Representatives have been provided to Class Members as directed by this Court's orders, and proof of Notice has been filed with the Court.

      8.      The Court finds that the Notice program, set forth in the Settlement Agreement and as effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Class of the pendency of the Litigation, certification of the Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

9. The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

10. As of the Opt-Out Deadline, twelve (12) potential Class Members have requested to be excluded from the Settlement. *See* **Exhibit A**. Those persons are not bound by the Settlement Agreement and this Order and Judgment and shall not be entitled to any of the benefits afforded to the Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

11. Zero (0) objections were filed by Class Members.

12. All Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

15. Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

16. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Class Members submitting valid and timely Claim Forms to the extent not already provided, pursuant to the terms and conditions of the Settlement Agreement.

17. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Class Members release claims as follows:

> Upon Final Approval of this Settlement Agreement, the Releasors settle, release, acquit, and forever discharge Defendant and its past or present agents, subsidiaries, parents, divisions, and affiliates, and their respective past or present employees, officers, directors, shareholders, partners, members, managers, owners, heirs, executors, predecessors, successors, assigns, insurers (including excess insurers and reinsurers), vendors, attorneys, experts, advisors, consultants, contractors, auditors, accountants, administrators, fiduciaries, representatives, suppliers, sureties, trustees, and/or underwriters ("Released Parties") from any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions of value, obligations, agreements, judgments, suits, fees, attorneys' fees, debts, expenses, costs, sanctions, decrees, penalties, remedies, matters, controversies and issues of any kind or nature, whether known or unknown, whether accrued or unaccrued, that each Releasor now has, had previously, or may ever have, now or in the future, arising out of or in any way related to the Data Incident whether or not those claims, demands, rights, actions, or causes of action have been pleaded or otherwise asserted in the Litigation or in any federal, state, or foreign court, tribunal, forum, or proceeding, including any and all damages, losses, or consequences thereof, including but not limited to any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule or regulation ("Released Claims"). For the avoidance of doubt, Released Claims include unknown claims that could have been raised in the Litigation or in any other federal, state, or foreign court, tribunal, forum or proceeding, and that Plaintiffs, any Class Member, or any Releasor do not know or suspect to exist at the time of the Settlement Agreement, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Parties or the Released Claims or might affect his, her, or its decision to agree, request to be excluded, object, or not to object to the Settlement. It is a material element to Defendant and the other Released Parties' participation in this Settlement and Settlement Agreement that Defendant and the other Released Parties obtain the fullest possible release from liability as to any Releasor relating to the Released Claims, and it is the intention of the Parties that any liability of the Released Parties relating to the Released Claims be eliminated.

18. The Court grants final approval to the appointment of Lucisbel Cruz-Bermudez, Helmut Becker, and Randi Grifka as Class Representatives. The Court concludes that Class Representatives have fairly and adequately represented the Class and will continue to do so.

19. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Class, the Court approves a payment to the Class Representatives in the amount of $5,000 each as Service Awards. Such payment shall be made in accordance with the terms of the Settlement Agreement.

20. The Court grants final approval to the appointment of Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Raina Borrelli of Strauss Borrelli, PLLC as Class Counsel. The Court concludes that Class Counsel has adequately represented the Class and will continue to do so.

21. The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $966,570.00. Reasonable litigation expenses of $16,197.74 are also hereby awarded. Payment shall be made pursuant to the terms of the Settlement Agreement.

22. This Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement

Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Order and Judgment may be filed in any action by Defendant, Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Order and Judgment (including, but not limited to, enforcing the releases contained therein). The Settlement Agreement, Order, and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have claim preclusive and issue preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order and Judgment that are maintained by, or on behalf of, any Class Member or any other person subject to the provisions of this Order and Judgment.

23. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void except that the Parties must comply with the obligations in Paragraph 81, and 90-91 of the Settlement Agreement which survive termination; all of the Parties' obligations under the Settlement Agreement except those set forth in the preceding clause, the Preliminary Approval Order, and this Order and Judgment and the terms and provisions of the Settlement Agreement (other than as set forth in the preceding clause) shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement

Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Treatment of amounts already billed or incurred for costs of Notice to the Class, and Claims administration shall be handled pursuant to the terms of the Settlement Agreement.

24. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) and the Parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

25. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

26. This Final Approval Order and the accompanying Judgment resolve all claims against all Parties in this action and is a final order and judgment.

27. The above-captioned action is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

**IT IS SO ORDERED.**

| | |
|---|---|
| Dated | Hon. Brian M. Cogan, U.S.D.J. |